JUAN B. DEFENDINI, Plaintiff and Appellant, *v.* WHITE STAR BUS LINE, INC., Defendant and Appellee.

No. 8364.    Argued March 6, 1942.—Decided May 1, 1942.

*Ortiz Toro* and *Ortiz Toro* for appellant.    *Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Juan B. Defendini brought an action in the District Court of San Juan against the White Star Bus Line, Inc., to recover $3,300 as damages which he alleged to have suffered on being run over by one of the buses of the defendant, together with costs and $500 as attorney's fees.

The defendant answered, the case went to trial, and the court decided it by a judgment of July 18, 1940, sustaining the complaint but fixing the damages at $500 and the attorney's fees at $100.

The plaintiff, feeling aggrieved on account of the amount allowed, appealed to this court. He urges that the trial court erred in not adjudging the defendant to pay to him $2,000 for physical and mental suffering; in not adjudging it to reimburse to him the sum of $600 for loss of earnings by reason of the accident; in not adjudging it to pay $120 disbursed by the plaintiff for room and board for himself and his wife in San Juan; and in fixing the attorney's fees at $100. He argues those assignments of error in a brief covering 31 pages. The defendant rebuts them in another brief covering 20 pages.

Let us see the grounds on which the trial court based its decision. In its statement of the case and opinion, the court made the following findings:

"That on January 3, 1939, at about 9:30 a.m., Juan B. Defendini, plaintiff, was traveling in a bus of the defendant from Santurce to San Juan; that on reaching the Plaza Baldorioty of this city said bus drew up in front of the commercial establishment 'La Hormiga de Oro' and several passengers alighted ahead of the plaintiff; that just as the plaintiff, after first having paid his fare, was on the point of alighting from the bus, the chauffeur started it, and the plaintiff 'fell on the sidewalk the bus proceeding to the regular stop in front of the commercial establishment 'La Samaritana'; that as a result of such fall the plaintiff suffered the fracture of the left ankle, as evidenced by an X-ray photograph made in the Municipal Hospital where he was taken and his left leg was splintered on the first day, and placed in a plaster cast on the following day, and he was then removed to his brother's home in Santurce where he was confined to bed during a month; that the plaintiff suffered severe pain in his leg, which required the use of morphine to alleviate the same, and also great discomfort by reason of having his leg placed in a plaster cast and being unable to move or to use the stool without the aid of his wife or his brother who had to hold him; that the plaintiff lived with his wife and children in Villalba and had come to San Juan the

day before the accident to attend to certain business connected with the Estate of Negrón of Villalba, which he managed at a salary of $50 a month and free lodgings; that as a result of the accident he was unable to continue filling that position and resigned therefrom; that the plaintiff had to pay for medical treatment and medicines, but did not pay anything to his brother during the time he stayed in his home; that after his confinement the plaintiff had to walk on crutches for some time; that at present the plaintiff is working in the Treasury and lives with his brother to whom he pays $30 for room and board; that the chauffeur of the bus, on being prosecuted in the municipal court in connection with the accident, pleaded guilty and paid a fine; that notwithstanding the fact that the stop for the buses of the defendant in Plaza Baldorioty is in front of 'La Samaritana', very often said buses make stops at other places therein, from the pharmacy at the corner of Cruz Street to 'La Samaritana.' ''

Upon the above findings, the court concluded that the accident ''was caused by the negligence of the chauffeur of the defendant in starting the bus just as the plaintiff was alighting,'' and as to the amount of damages the court held as follows:

''Regarding the amount of damages claimed by the plaintiff, the court holds that the same is excessive and it is of the opinion that under all the established facts and the attendant circumstances, a lump sum of $500 is a fair and reasonable compensation.''

It also adjudged the defendant to pay the costs and attorney's fees, which it fixed at $100.

■ We have studied the transcript of the evidence which covers one hundred and fifty-one pages, and, although we think that the claim for lost earnings is excessive and lacks full justification, it seems to us that the compensation for physical suffering was not appraised at its fair value.

From the very facts which the trial court held as proven, we find that the plaintiff, as a result of the plain negligence of an employee of the defendant, fell from the footboard of the bus to the sidewalk and suffered the fracture of his ankle; that he was taken to the hospital where his leg was splin-

tered on the first day and placed in a plaster cast on the following day; that he was confined to bed for a month and suffered severe pains in the leg placed in the plaster cast, and required the aid of his wife and his brother in order to move, incurring besides in expenses for medical treatment and medicines.

It is true that there is no definite rule to be applied, nor any basis for a mathematical estimate in cases of this kind, but, in view of the attendant circumstances and the established precedents, notwithstanding the moderate rate of indemnity that has been ordinarily applied in this island and the customary practice of leaving undisturbed the estimate made by the trial court, it seems so obvious to us that $500 is not an adequate amount, that we consider it our duty to, at least, double such award.

Likewise the attorney's fees allowed seems to us insufficient. The work done, as evidenced by the record, requires also the doubling of the amount allowed.

Therefore, the appeal must be sustained and the judgment appealed from modified so as to fix the award of compensation at one thousand dollars and the attorney's fees at two hundred dollars and, as modified, the judgment is affirmed.

Mr. Justice Todd, Jr., did not participate herein.